930 F.2d 24
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re TUCKER FREIGHT LINES INC., Debtor.
John R. WALHOUT, Trustee, Plaintiff-Appellee,
v.
TFL, INC. and Central Transport, Inc., jointly and
severally, Defendant-Appellant.
 No. 90-1244.
 United States Court of Appeals, Sixth Circuit.
 April 15, 1991.
 
 Before MERRITT, Chief Judge, and RYAN and SUHRHEINRICH, Circuit Judges.
 MERRITT, Chief Judge.
 
 
 1
 Defendants TFL, Inc. ("TFL"), and Central Transport, Inc. ("Central"), appeal a final district court order affirming judgment against them in the bankruptcy court. We affirm in part and reverse in part and remand for further proceedings. We agree with the District Court on the issue of the alleged assignment by Central to TFL and we hold that Central was not released from liability under this contract. Central is responsible, as buyer, for any liability which the trial court determines on remand to be remaining under this contract.
 
 
 2
 With regard to all other issues presented on this appeal, we hold that there are insufficient findings of fact and conclusions of law for review by this court. We therefore remand for further findings and conclusions as set out below.
 
 
 3
 Central Transport successfully bid for the debtor's authority to operate as a commercial carrier in Indiana at an auction conducted by the trustee for the debtor in June of 1984. Central bid $310,000 for the authority; the next highest bid was $300,000. The bid contemplated a licensing proceeding before the Indiana Public Service Commission to permit the transfer of the debtor's authority to the buyer. At the conclusion of the bidding, Central Transport signed a contract to purchase the authority which contained the following provions:
 
 
 4
 2. * * *
 
 
 5
 (f) If the transfer of the Authority cannot be completed within eight (8) months from the date of this agreement, the Buyer has the option to complete the sale at a later date, or require that the payment described above be returned.
 
 
 6
 * * *
 
 
 7
 * * *
 
 
 8
 5. The Buyer agrees, at its expense, to diligently prosecute the application for the transfer of the Authority and will use its best efforts to secure such transfer.
 
 
 9
 The eight month deadline in paragraph 2(f) was on February 5, 1985. Central demanded return of its money and requested dismissal of transfer proceedings before the Indiana Public Service Commission on September 30, 1985, the day before the final hearing on the transfer of the authority. The Trustee then sued Central for breach of contract and recovery of the full contract price.
 
 
 10
 The bankruptcy court found that Central was the purchaser of the authority and that based on the actions of all parties there was no evidence to support a finding that Central had assigned the contract to TFL or that the Trustee had agreed to a release of Central's liability under the contract. This finding is not clearly erroneous, particularly since evidence presented at trial shows that the letter sent to the Trustee invoking paragraph 2(f) did so in the name of Central Transport. The district court was correct in affirming the bankruptcy court's holding that there was no assignment or accompanying release of liability. Central Transport remains liable under the contract; we affirm the district court on this point.
 
 
 11
 The remaining questions before this court are whether paragraph 2(f) gave Central the right to terminate the contract in September 1985 and what effect other contract provisions had upon that provision. These are questions of contract construction, and there are insufficient findings of fact in the record for this court to determine whether the Bankruptcy and District Courts were correct. These Courts treated the case as raising waiver and laches questions rather than questions of contract interpretation.
 
 
 12
 Paragraph 5 may be a condition precedent to paragraph 2(f). 3A A. CORBIN, A COMPREHENSIVE TREATISE ON THE WORKING RULES OF CONTRACT LAW, Sec. 723, at 383, Sec. 739, at 441-442, and Sec. 743, at 455-456. (West, 2nd reprint, 1979 & Supp.1989). If so, whether the conditions of paragraph 5 were met is a critical question with regard to the right to exercise paragraph 2(f).
 
 
 13
 Even if Paragraph 5 is not a condition precedent to paragraph 2(f) or was satisfied, the buyer has obligations with regard to the invocation of 2(f). Corbin states that a condition must be invoked by notice within a reasonable time. 3A CORBIN, supra, 744, at 458. In the context of this contract, it is possible that Central's continued pursuit of the transfer of the authority after February 5, 1985 constituted an election to complete the sale at a later date; it is not clear that such an election, if it occurred, would preclude exercising the other option at a later date.
 
 
 14
 Accordingly, the bankruptcy court should determine the following:
 
 
 15
 Is paragraph 5 a condition precedent to paragraph 2(f)? If so, was the condition met so that Central had the right to exercise paragraph 2(f)? If Central had the right to exercise 2(f), what was the time in which it had to exercise its option under 2(f)? Did it exercise its option to complete the sale under that paragraph by continuing to seek approval for the transfer after February 5, 1985? If not, did Central's notice of termination on September 30, 1985 constitute notice within a reasonable time?
 
 
 16
 If paragraph 5 is not a condition precedent or was satisfied, so that Central had the right to exercise the options contained in paragraph 2(f), what was the time in which it had to exercise its option under 2(f)? Did it exercise the option to complete the sale by continuing to seek approval for the transfer after February 5, 1985? If not, did Central's notice of termination on September 30, 1985 constitute notice within a reasonable time?
 
 
 17
 And finally, based on the above analysis, what obligations remain enforceable under the contract?
 
 
 18
 In making these determinations we remind the lower courts that they remain bound by Indiana law, and we refer them to the rules set out in First Federal Savings Bank of Indiana v. Key Markets, Inc., 559 N.E.2d 600 (Ind.1988).
 
 
 19
 For the reasons set above, we AFFIRM in part and REVERSE and REMAND in part. We direct the district court to remand to the bankruptcy court for written findings and conclusions consistent with this order. The bankruptcy court may hold any evidentiary hearings necessary to make such additional findings and conclusions.